Case 18-02055    Doc 1    Filed 04/30/18    Entered 04/30/18 13:47:02    Desc Main
                        Document      Page 1 of 10

Russell C. Fericks [3793]
Steven H. Bergman [13641]
Kristina H. Ruedas [14306]
Zacchary L. Sayer [15729]
RICHARDS BRANDT MILLER NELSON
Wells Fargo Center, 15th Floor
299 South Main Street
Salt Lake City, Utah 84110-2465
Telephone: (801) 531-2000
Fax No.: (801) 532-5506
Email: russell-fericks@rbmn.com
       steven-bergman@rbmn.com
       kristina-ruedas@rbmn.com
       zacchary-sayer@rbmn.com
*Attorneys for Jill H. Kendall
(Creditor) Trustee of the Trust*

Jared W. Moss [10721]
William O. Kimball [9460]
PIA ANDERSON MOSS HOYT, LLC
1526 West Ute Blvd., Suite 206
Park City, Utah 84098
Telephone: (801) 869-2739
Fax No.: (801) 350-9010
Email: jmoss@pamhlaw.com
       bkimball@pa-law.com
*Attorneys for Robert G. Harding
(Creditor) Trustee of the Trust*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| *In re:*<br><br>*Rickie Lynn Taylor*,<br><br>        Debtor. | **COMPLAINT OBJECTING TO THE DEBTOR'S DISCHARGE UNDER SECTIONS 523(a)(4) AND 1328(a)(2) OF THE BANKRUPTCY CODE** |
| *A. Dean Harding Marital Family Trust*,<br><br>        Plaintiffs,<br><br>v.<br><br>*Rickie Lynn Taylor, an individual*,<br><br>        Defendant. | Case No. 18-20439 WTT<br>Chapter 13<br>Hon. William T. Thurman<br><br>AP No. _____ |

Pursuant to title 11, section 523(a)(4) of the United States Code, and rules 4004(a) and

7001 of the Federal Rules of Bankruptcy Procedure, Plaintiffs, Jill H. Kendall and Robert G.

Harding as co-Trustees of the A. Dean Harding Marital and Family Trust, (the "Trust" or

"Plaintiff"), by and through their respective counsel of record, hereby object to the discharge of the Trust's claim against Defendant, Rickie Lynn Taylor, the Debtor in the action captioned above. Plaintiffs complain and allege as follows:

## THE PARTIES

1. Jill H. Kendall ("Kendall") is an individual residing in Utah County, Utah, and is a co-Trustee of the A. Dean Harding Marital and Family Trust (the "Trust").

2. Robert G. Harding ("Harding") is an individual residing in Summit County, Utah, and is a co-Trustee of the Trust.

3. Defendant Rickie Lynn Taylor is an individual residing in Utah County, Utah, is the debtor in the action captioned above, and is the former Trustee of the Trust.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this adversary proceeding pursuant to title 28, section 157(a) and (b), and title 11, sections 105 and 523(a)(4) of the United States Code. Further, this adversary proceeding is a core proceeding under title 28, section 157(b)(2)(I) and (J). This Court has authority to hear and determine all matters pertaining to section 157(b)(2)(I) and (J).

5. Venue in this Court is appropriate pursuant to title 28, sections 1408 and 1409. This complaint arises out of the bankruptcy case pending before this Court, *In re Rickie Lynn Taylor*, Case No. 18-20439.

6. This Complaint is timely under rule 4004(a) of the Federal Rules of Bankruptcy Procedure, having been filed no later than sixty (60) days after the first date set for the Meeting of Creditors.

## GENERAL ALLEGATIONS

7. Kendall and Harding, along with their sister, Jeana Vuksinick ("Vuksinick"), are the children of A. Dean Harding from his first marriage to Norma Jene Wood Harding.

8. Norma Jean Wood Harding, the natural mother of Kendall, Harding and Vuksinick, passed away on December 8, 1983.

9. The natural father of Kendall, Harding and Vuksinick, A. Dean Harding, married Margene Harding on August 30, 1984.

10. A. Dean Harding established the Trust on December 19, 1994.

11. Margene Harding was the income beneficiary of the marital portion of the Trust during her life, and upon her death, the Trust provided that Kendall, Harding and Vuksinick (the "Residual Beneficiaries") are the residual or principal beneficiaries of the marital and family portions of the Trust.

12. The terms of the Trust with regard to administration of the marital portion provided "[f]or so long as Trustor's spouse lives, Trustee shall pay to or apply for the benefit of spouse the entire net income from the marital trust in monthly or other convenient installments not less frequently than annually. . . . No person shall have the power to appoint any part of the property of the Marital Trust to any other person other than the surviving spouse. The surviving spouse shall have no power to appoint, but shall have the power to receive income only as provided in paragraph 5c(1) above."

13. A. Dean Harding passed away on January 1, 2004.

14. The initial Successor Trustee to the Trust was David Cloward.

15. David Cloward resigned as Trustee of the Trust on or about June 9, 2004.

16. On June 9, 2004, Margene Harding, the income beneficiary of the marital portion of the Trust, appointed her son, Rickie Taylor, to be the Successor Trustee of the Trust.

17. On September 24, 2004, the Residual Beneficiaries filed a complaint seeking to remove Defendant as Trustee of the Trust, seeking an accounting for A. Dean Harding's estate and the Trust, and for other causes of action. *See In the Matter of A. Dean Harding Marital and Family Trust Agreement dated December 29, 1994*, Case No. 043400504 (Fourth Dist. Ct. Provo).

18. That case culminated in an April 7, 2005 settlement agreement ("2005 Settlement Agreement") among the Residual Beneficiaries and Trustee Rickie Taylor, which agreement, among other things, re-affirmed Rickie Taylor's appointment as Trustee.

19. The 2005 Settlement Agreement stated that Rickie Taylor was required to wind up the affairs of the Trust and distribute the Trust assets the Residual Beneficiaries within sixty (60) days after Margene's death.

20. The 2005 Settlement Agreement expressly stated that Rickie Taylor "investigated the facts" and "carefully read and reviewed the contents" and "considered satisfactory" the 2004 Accounting of Dean Harding that indicated, inter alia, that certain individual retirement accounts ("IRAs") were assets of the Trust.

21. As the Trustor's spouse, Margene Harding was the income beneficiary of the marital portion of the Trust from the time of A. Dean Harding's death in 2004 until her own death on February 21, 2015.

22. When Margene Harding reached the age of 70½, the required minimum distributions of principal from the IRAs were paid to the Trust, however, contrary to the

4

restrictions in the Trust, Taylor then transferred those principal distributions from the Trust to Margene Harding on a monthly basis beginning in 2005 until the time of Margene Harding's death in 2015.

23. After Margene Harding's death, Rickie Taylor failed to distribute the full Trust assets to the Residual Beneficiaries.

24. On or about September 11, 2015, Harding filed claims against Rickie Taylor and others in the Fourth Judicial District Court of the State of Utah in the following case: *In the Matter of the A. Dean Harding Marital and Family Trust Agreement dated December 29, 1994*, Case No. 153400007 (the "Underlying Action").

25. The primary objective of the Underlying Action was for determination of Rickie Taylor's mismanagement of the Trust and the unlawful distribution of its principal, and for recovery of funds for the benefit of the Residual Beneficiaries of the family portion of the Trust.

26. On February 22, 2017, Harding filed a motion for partial summary judgment in the Underlying Action, alleging that as Trustee, Rickie Taylor wrongfully distributed principal from the Trust to Margene Harding.

27. On June 27, 2017, the Fourth District Court (J. Lunnen) entered an Order in the Underlying Action granting Harding's motion for partial summary judgment that Taylor, "based [his own] admissions and the evidence before the court," made unlawful distributions of principal from the Trust to his mother, Margene Harding. *See* Order, ¶ 12, attached hereto as "**Exhibit A**."

28. This Order reserved the exact amount of damages to be determined at trial with the aid of expert witnesses. *See id.*, ¶¶ 13 and 15.

29. Rickie Taylor continued to administer the Trust until November 15, 2017, when he was removed as the Trustee for the Trust by an order in the Underlying Action.

30. In preparation for trial in the Underlying Action, Harding submitted an expert report showing that Rickie Taylor, as Trustee of the Trust, unlawfully distributed $2,827,320 of Trust principal to Margene Harding, his mother.

31. In addition to the unlawfully distributed Trust principal, additional evidence in the Underlying Action would have showed that Rickie Taylor was liable for interest on the unlawfully distributed principal, and for trustee's fees, attorney's fees, and various other categories of damages, altogether totaling approximately $6 million.

32. In the Underlying Action, trial for damages was set to commence on Monday, January 29, 2018.

33. Rickie Taylor initiated this bankruptcy proceeding with a Petition filed on January 23, 2018, thus staying the trial for damages in the Underlying Action.

34. Defendant Rickie Taylor is a Chapter 13 debtor before this Court and has requested that the Court grant him a Chapter 13 discharge pursuant to 11 U.S.C. § 1328(a).

35. Rickie Taylor has not yet received a Chapter 13 discharge because his Chapter 13 Plan has not been approved and he has not completed "all payments under the plan." *Id.*

## CLAIM FOR RELIEF

(Objection to Discharge Pursuant to 11 U.S.C. §§ 523(a)(4) 1328(a)(2)
for fraud or defalcation while acting in a fiduciary capacity)

36. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs and Exhibit A as if fully set forth under this claim for relief.

6

37. Title 11, § 523(a)(4) of the United States Code prohibits discharge when there was a fiduciary relationship between the Debtor and creditor, and the Debtor committed fraud or defalcation in the course of the fiduciary relationship. *See In re Young*, 91 F.3d 1367, 1371 (10th Cir. 1996).

38. "Defalcation," means the failure to account for money or property that has been entrusted to another; the misappropriation of trust funds or money held in a fiduciary capacity. *See In re Weber*, 99 B.R. 1001, 1012 (Bankr. Utah 1989) (citing *In re Twitchell*, 72 B.R. 431, 435 (Bankr. D. Utah 1987), *reversed on other grounds*, 91 B.R. 961 (Bankr. D. Utah 1988); *Matter of Campbell*, 79 B.R. 496, 498 (Bankr. M.D. Fla. 1986)).

39. "Defalcation is a broader term than either embezzlement or misappropriation and is evaluated by an objective standard [;] [n]o element of intent or bad faith need be shown." *Id.* at 1012.

40. As Trustee, Rickie Taylor had a duty to administer the Trust expeditiously and in good faith, in accordance with its terms and purposes, and in the interests of its beneficiaries. *See* UTAH CODE ANN. § 75-7-801.

41. As Trustee, Rickie Taylor had a duty of loyalty to Residual Beneficiaries to administer the Trust principal solely in the interests of the beneficiaries. *See* UTAH CODE ANN. § 75-7-802.

42. As Trustee of a trust which has two or more beneficiaries, Rickie Taylor had a duty to act impartially in investing, managing, and distributing the Trust property, giving due regard to the beneficiaries' respective interests. *See* UTAH CODE ANN. § 75-7-803.

43. As Trustee of the Trust, Rickie Taylor had a duty to take reasonable steps to take control of and protect the Trust assets. *See* UTAH CODE ANN. § 75-7-807.

44. Rickie Taylor operated as Trustee of the Trust from June 9, 2004 until November 15, 2017, and was aware of his fiduciary duties to the Residual Beneficiaries.

45. As Trustee, Rickie Taylor had exclusive authority to transfer funds and issue checks from the Trust during the time of his trusteeship.

46. At all times Rickie Taylor was operating as Trustee for the Trust, Rickie Taylor also had power of attorney for his mother, Margene Harding, and access to her bank accounts.

47. While also operating as Trustee of the Trust, Rickie Taylor also acted as the personal representative of Margene Harding's estate.

48. The Trust funds unlawfully distributed by Rickie Taylor were transferred from the Trust to Margene Harding's bank accounts, which were controlled by Rickie Taylor.

49. A significant portion of the Trust funds unlawfully distributed to Margene's bank accounts were thereafter transferred by Rickie Taylor from Margene's bank accounts to himself, to his wife, Paula Taylor, to his brother and sister, Randall Lowe and Rebecca McMaster, and to his businesses, Taylor Ranch, Inc. and Taylor-Maid Beauty Supply, Inc.

50. As Trustee, Rickie Taylor omitted cash flow statements from the Trust's financial statements, thereby concealing from the Residual Beneficiaries his unlawful distributions from the Trust to Margene Harding and others.

51. On June 27, 2017, in the Underlying Action, the Fourth District Court adjudicated that Defendant Rickie Taylor, while acting as Trustee of the Trust, made unlawful distributions of principal from the Trust to his mother, Margene Harding. (See Order at Exhibit A.)

52. In the Underlying Action, the Fourth District Court found that Taylor had violated the spendthrift protection of the Trust by distributing funds to another non-beneficiary, Judith Harding.

53. Rickie Taylor's unlawful distributions of Trust principal constitute defalcation while acting in his fiduciary capacity as Trustee of the Trust; and/or Rickie Taylor's unlawful distributions of the Trust principal occurred under circumstances constituting fraud or constructive fraud while acting in his fiduciary capacity as Trustee of the Trust.

## PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, Kendall and Harding, as co-Trustees of the creditor Trust, pray for judgment in favor of the Trust, and against Defendant Rickie Lynn Taylor as follows:

A. for a determination that Defendant's liability for the Trust's claims in this proceeding are non-dischargeable under title 11, sections 523(a)(4) and 1328(a)(2) of the United States Code;

B. for attorney fees and costs to the extent permitted or allowed by law; and

C. for such other relief as the Court deems just and proper under the circumstances.

Dated: April 30, 2018.

| | |
|---|---|
| RICHARDS BRANDT MILLER NELSON | PIA ANDERSON MOSS HOYT, LLC |
| /s/ Russell C. Fericks | /s/ Jared W. Moss |
| Russell C. Fericks<br>Steven H. Bergman<br>Zacchary L. Sayer<br>*Attorneys for Jill Kendall,*<br>*Trust Trustee and Beneficiary* | Jared W. Moss<br>William O. Kimball<br>*Attorneys for Robert G. Harding,*<br>*Trust Trustee and Beneficiary* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of April, 2018, I served the foregoing **COMPLAINT OBJECTING TO THE DEBTOR'S DISCHARGE UNDER SECTIONS 523(a)(4) AND 1328(a)(2) OF THE BANKRUPTCY CODE** on the persons identified below as indicated:

| | | |
|---|---|---|
| Paul Toscano | ☐ | U.S. Mail – Postage Prepaid |
| Paul Toscano, P.C. | ☐ | Hand Delivery |
| 10 Exchange Place, Suite 614 | ☑ | Electronic Filing |
| Salt Lake City, UT 84111 | ☑ | Email |
| ptoscano@expresslaw.com | | |
| *Attorneys for Defendant Rickie Lynn Taylor* | | |

| | | |
|---|---|---|
| Lon A. Jenkins | ☐ | U.S. Mail – Postage Prepaid |
| Tami Gadd-Willardson | ☐ | Hand Delivery |
| MarryAnn Bride | ☑ | Electronic Filing |
| Katherine T. Kang | ☑ | Email |
| OFFICE OF THE CHAPTER 13 TRUSTEE | | |
| 405 South Main Street, Suite 600 | | |
| Salt Lake City, Utah 84111 | | |
| utahtrusteemail@ch13ut.org | | |
| *Chapter 13 Trustee* | | |

                                                          */s/ LaDonna A. Whelchel*

G:\EDSI\DOCS\17363\0008\17E7231.DOCX